ɔ/ϝ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SINCERE McKINLEY,

               Petitioner,

       -against-

ROBERT WOODS,

               Respondent.

-----------------------------------------------------------X

**MEMORANDUM
AND ORDER**

**07-CV-2467 (NG)**

**GERSHON, United States District Judge:**

By petition dated June 4, 2007, *pro se* petitioner SINCERE McKINLEY, seeks a writ of
habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section
2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set
forth below, determined that the petition appears to be time-barred by the one year statute of
limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore,
the Court directs petitioner to show cause within 30 days of the entry of this order why the Court
should not dismiss the petition as time-barred.

Background

On November 26, 1984, petitioner was sentenced to 12 ½ to 25 years imprisonment upon a
bench verdict of sodomy in the first degree and endangering the welfare of a child before the New
York Supreme Court, Queens County. See Petition at ¶¶ 1-6. The Appellate Division affirmed the
conviction on November 17, 1986, People v. McKinley, 124 A.D.2d 752 (2d Dep't 1986), and the
New York Court of Appeals denied leave to appeal on January 11, 1988. People v. McKinley, 70
N.Y.2d 958 (1988). See Petition at ¶¶ 8-9.

1

Petitioner raises the following four grounds for review: (i) ineffective assistance of trial counsel, (ii) ineffective assistance of appellate counsel, (iii) pre-sentence report was inadequate, (iv) trial counsel should have called Dr. LaBoard as a witness. See Petition at ¶ 12 and attached pages.

Discussion

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). Under subsection (A),[1] the instant petition appears untimely. Direct review concluded on or about April 11, 1988, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001).

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

Because petitioner's conviction became final prior to the effective date of the AEDPA, petitioner was entitled to a one-year grace period in which to file his habeas corpus petition, *i.e.*, until April 24, 1997. Carey v. Saffold, 536 U.S. 214, 217 (2002); Ross v. Artuz, 150 F.3d 97, 100-03 (2d Cir. 1998). Since the instant petition was filed on June 4, 2007,[2] more than 10 years after the grace period expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

Tolling

A. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation period. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) *(per curiam)*.

According to petitioner, he filed a total of seven post-conviction motions, two applications for a writ of error coram nobis and five motions to vacate his conviction under N.Y. Crim. Proc. Law § 440 ("440 motion"). None of these applications or motions provide for statutory tolling of the grace period since all the post-conviction motions – with the exception of the first 440 motion which was filed before his conviction became final – were not "under submission" during the one-year grace period, but rather were filed after the grace period had already expired. See Petition at ¶ 11

---

[2] Following the "prisoner mailbox rule," the Court "treat[s] the petitioner's petition as having been given to prison officials for filing, and therefore having been filed, on the date that appears on his petition." Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

and attached pages (setting forth the date each post-conviction motion was filed and decided). Therefore, the statutory tolling provision under § 2244(d)(2) does not toll the petition to overcome the over 10-year delay in filing this habeas corpus application.

### B. Equitable Tolling

The limitations period, however, may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted).

Here, petitioner alleges that "[w]hile I was in Attica back in 1996 I was being housed in I.P.C. status and while sick in the hospital from my diabetes, officers picked up property and confiscated my legal papers and thrown them in the trash can. I loss [sic] my trial minutes and other legal paperwork at that time before the filing deadline this prevented me from filing on time." Petition at ¶ 18. The Court directs petitioner to provide further information in support his claim of equitable tolling as set forth above.

### Conclusion

The Court hereby directs petitioner to show cause by written affirmation, within 30 days from entry of this Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S.198, —, 126 S.Ct. 1675, 1684 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this Order.

If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/ s/NG

**NINA GERSHON**
**United States District Judge**

**Dated:**    **Brooklyn, New York**
August 3, **2007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

SINCERE McKINLEY,

               Petitioner,                            **PETITIONER'S**
                                                         **AFFIRMATION**

     -against-

ROBERT WOODS,                                **07-CV-2467 (NG)**

               Respondent.

_____X

       SINCERE McKINLEY, appearing *pro se*, makes the following affirmation under the

penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in

response to the Court's order dated _____. The instant petition should not be time-

barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code