

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SINCERE McKINLEY,

               Petitioner,           **MEMORANDUM AND ORDER**

    -against-

                                              **07-CV-2467 (NG)**

ROBERT WOODS,

               Respondent.
------------------------------------------------------------X
**GERSHON, United States District Judge:**

By order dated August 3, 2007, the Court directed petitioner to show cause why his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Day v. McDonough, 547 U.S.198, 209 (2006) ("a court must accord the parties fair notice and an opportunity to present their positions.") (citing Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000)). On September 17, 2007, petitioner filed an affirmation in response to the Court's order. For the reasons set forth below, the petition is dismissed.

Background

On November 26, 1984, petitioner was sentenced to 12 ½ to 25 years imprisonment upon a bench verdict of sodomy in the first degree and endangering the welfare of a child before the New York Supreme Court, Queens County. See Petition at ¶¶ 1-6. The Appellate Division affirmed the conviction on November 17, 1986, People v. McKinley, 124 A.D.2d 752 (2d Dep't 1986), and the New York Court of Appeals denied leave to appeal on January 11, 1988. People v. McKinley, 70 N.Y.2d 958 (1988). See Petition at ¶¶ 8-9. Petitioner's conviction became final on April 11, 1988, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, — U.S.

1

—, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001).

One Year Habeas Corpus Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997); Ross v. Artuz, 150 F.3d 97, 100-03 (2d Cir. 1998). Because petitioner's conviction became final prior to the effective date of the AEDPA, petitioner was entitled to a one-year grace period in which to file his habeas corpus petition, i.e., until April 24, 1997. Carey v. Saffold, 536 U.S. 214, 217 (2002); Ross 150 F.3d at 100-03. Since the instant petition was filed on June 4, 2007, see Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (the Court "treat[s] the petitioner's petition as having been given to prison officials for filing, and therefore having been filed, on the date that appears on his petition.") (citation omitted), more than ten years after the grace period expired, it is barred by 28

2

U.S.C. § 2244(d), unless tolling is applicable.

Petitioner's Affirmation

In his affirmation, petitioner argues that he is entitled to statutory tolling because he filed post-conviction motions, the last of which was denied on January 17, 2007. See Affirmation ("Aff.") at 2. Petitioner argues that he was under the impression that his 440 motion was pending until he was informed in January 2006 that the state court had denied his motion in 1997. Aff. at 3. He also argues that he is entitled to equitable tolling because he was not informed that the state court had denied his 440 motion filed on June 18, 1997 until he wrote to the court clerk in January 2006. Aff. at 3. Finally, petitioner argues that he is entitled to equitable tolling because he was hospitalized and his legal paperwork had been confiscated by prison officials when he was moved to another facility. Aff. at 3-4, 20-21.

Tolling

A. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation period. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). As set forth in the Court's prior order, see McKinley v. Woods, No. 07-CV-2467, slip op. at 3-4 (E.D.N.Y., Aug. 3, 2007), petitioner is not entitled to statutory tolling because none of the relevant post-convictions motions were pending during the one-year grace period. See Petition at ¶ 11 and

attached pages (setting forth the date each post-conviction motion was filed and decided).

To the extent petitioner argues that he is entitled to tolling for the period he believed his 440 motion was pending because he allegedly failed to receive notice from the court, i.e., from January 19, 1997 to January 2006, such an argument is unavailing. Taking petitioner's claim to be true that he did not receive notice of the court's order denying his 440 motion until January 2006, "[t]he relevant date of final disposition is the date of issuance of a court order, not the date upon which such order is received by petitioner." Evans v. Senkowski, 228 F.Supp.2d 254, 259 (E.D.N.Y. 2002) (citing Geraci v. Senkowski, 211 F.3d 6, 9 (2d Cir.) (AEDPA limitations period began running again upon the Appellate Division's denial of leave to appeal, not from the date on which petitioner received notice of the Appellate Division's order), cert. denied, 531 U.S. 1018 (2000); see also Marengo v. Conway, 342 F.Supp.2d 222, 227-28 (S.D.N.Y. 2004) ("the definition of the term 'pending' in AEDPA does not include the time that passes between the date an order is filed and the date the defendant receives actual notice of the order because once a state court decides a motion that closes the door to further appellate review, the statute of limitations begins to run again."). Therefore, the statutory tolling provision under § 2244(d)(2) does not toll the petition to overcome the over 10-year delay in filing this habeas corpus application.

B. Equitable Tolling

However, the one-year AEDPA filing limitation is not jurisdictional and is subject to equitable tolling if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available).

4

Here, petitioner alleges the following circumstances prevented him from filing the instant petition within the one year grace period: (i) he did not receive notice of the court order denying his 440 motion until January 2006 when he wrote to the court clerk and could not appeal the denial as it would have been untimely, (ii) he was hospitalized for diabetes and also placed in involuntary protective custody and (iii) his legal papers and other property were confiscated by Attica prison officials in 1996. Aff. at 3-4, 20-21; Petition at ¶ 18. An extraordinary circumstance of the sort that justifies equitable tolling is "one that is beyond the prisoner's control and that has made it impossible for him to file a timely petition." Thomas v. Walsh, No. 03 Civ. 4662, 2004 WL 2153928, at *3 (S.D.N.Y. Sept. 24, 2004) (citations omitted). The confiscation of legal papers by prison officials, see Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000), and petitioner's hospitalization or medical illness for the relevant time period, see Rhodes v. Senkowski, 82 F.Supp.2d 160, 169 (S.D.N.Y., 2000), may rise to the level of an extraordinary circumstance.

However, petitioner has not shown that these circumstances prevented him from filing the instant petition before the one-year limitation grace period expired on April 24, 1997. As set forth above, petitioner's receipt of notice in January 2006 of the denial of his 440 motion is not sufficient to toll the grace period. As to the other circumstances, petitioner's records show that (i) he was admitted on October 9, 1995 and discharged on October 19, 1995 from Erie County Medical Center, (ii) he sustained "severe laceration" on July 16, 1996 requiring his placement into involuntary protective custody, and (iii) prison officials at Attica Correctional Facility confiscated his property on October 26, 1996. See Aff. "Unmarked Exhibits." All the aforementioned "extraordinary circumstances" occurred before the grace period had expired on April 24, 1997. Petitioner provides no additional facts to warrant equitable tolling based on these circumstances.

Even if the aforementioned circumstances could qualify to toll the one year grace period, petitioner fails to show that he acted with "reasonable diligence" during the period he wishes to have tolled. See Warren v. Garvin, 219 F.3d 111, 113-14 (2d Cir.) (finding that a six and one-half year delay between conviction and the filing of a habeas petition, coupled with an additional twenty and one-half month delay before the filing of a second habeas petition, constituted a lack of "reasonable diligence" justifying a denial of equitable tolling), cert. denied, 531 U.S. 968 (2000); Gadson v. Greiner, No. 00 CV 1179(JG), 2000 WL 1692846, at *2 (E.D.N.Y. Sept. 27, 2000). Over ten years had already elapsed before petitioner filed the instant habeas corpus application. Over eight years had already elapsed when petitioner inquired into the status of his 440 motion. Thus, petitioner has not shown that he acted with reasonable diligence and that he is entitled to equitable tolling.

Conclusion

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby dismissed as time-barred. 28 U.S.C. § 2244(d)(1). As this petition present no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies that pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

s/NG

**NINA GERSHON**
**United States District Judge**

**Dated:** **Brooklyn, New York**
Sept 25, 2007